**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ANTONIO CANNON                                                                                          PLAINTIFF

v.                                          NO. 3:11CV00038 JLH

MIKE GIBSON, *et al.*                                                                              DEFENDANTS

**ORDER**

Plaintiff, currently held at the Mississippi County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (docket entry #2), on February 28, 2011, naming as Defendants Osceola Municipal Judge Mike Gibson, Osceola Police Chief Ray Rigsby, and Osceola Detective Chris Ellis.

**I.  Screening**

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is

plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was arrested on January 31, 2011, and charged with breaking and entering and theft. Plaintiff asserts that there is no evidence he committed the crimes, and that he has no record of breaking and entering, but another man does. Plaintiff alleges that he was arrested despite his suggestion that Ellis investigate the other individual, and that Gibson took only seconds to find probable cause to bind him over to circuit court. Because Plaintiff cannot pursue a claim against a judge for a ruling he made, his claims against Gibson must be dismissed. The remainder of Plaintiff's claims will be stayed pending the final disposition of his criminal case.

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). It is clear from Plaintiff's complaint that he named Gibson as a Defendant based on actions he took in his role as a judge. Therefore, Plaintiff's claims against Gibson must be dismissed.

Although Rigsby and Ellis are not entitled to judicial immunity, Plaintiff may not proceed with his claims against them at this time. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the

Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from the complaint that Plaintiff is involved in an ongoing state judicial proceeding in connection with criminal charges. Given that the criminal matter is ongoing, that the state clearly has an important interest in enforcing criminal laws, and that Plaintiff may raise constitutional challenges in the context of his criminal case, the Court believes it should abstain from entertaining Plaintiff's constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Plaintiff's claims, it must decide whether to dismiss, or to stay, the case. When *Younger* abstention applies in case where only

injunctive or declaratory relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). However, in *Stroud*, 179 F.3d at 603-04, the Eighth Circuit explained that:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Id*. at 603-04 (internal citations omitted).

Here, Plaintiff seeks monetary damages, and does not seek a declaration that a state statute is unconstitutional. Accordingly, this proceeding must be stayed and administratively terminated.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's claims against Defendant Mike Gibson are DISMISSED WITH PREJUDICE, and Gibson's name is removed as a party Defendant.

2. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal charges.

3. This case is subject to reopening upon Plaintiff's filing of a motion to reopen the case within thirty (30) days after such final disposition.

DATED this 29th day of March, 2011.

*/s/ J. Leon Holmes*
UNITED STATES DISTRICT JUDGE